IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINDA BROWN, IRENE CORNETT, BRENDA MURABITO, PAMELA PARKER and TARA SHERMAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV457 |
| v. | ) ) | |
| CITY OF OMAHA and CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM BOARD OF TRUSTEES, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the motion for summary judgment filed by defendant City of Omaha (Filing No. 10), and plaintiffs' motion to dismiss defendant's motion for summary judgment (Filing No. 15). Having reviewed the motions, briefs, evidentiary submissions and the applicable law, the Court makes the following findings.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment must always bear "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* NECivR 56.1(a).  When the party seeking summary judgment carries its burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1996); *see* NECivR 56.1(b).  "A dispute regarding a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  Summary judgment should seldom be granted in discrimination cases.  *Heaser v. Toro*, 247 F.3d 826, 830 (8th Cir. 2001).

### III.  DISCUSSION

The City of Omaha asserts that the pension board is an independent body with sole discretion over the use and administration of its funds and that all decisions regarding plaintiffs' pension applications were not made by the City of Omaha and that therefore the City should be dismissed from this action.

Plaintiffs point to language in the Omaha Municipal Code ("OMC") which states that the City of Omaha is responsible for paying all costs and expenses incurred in the administration of the pension fund (OMC, § 22-71).  Nowhere in the OMC are costs

and expenses defined.  Plaintiffs assert that the City of Omaha may in fact have responsibility for paying any judgment rendered in this action because such a judgment may be termed an expense or cost of administration.

Further, the OMC states that the "City Council shall appropriate funds in the annual budget for the purpose of paying the costs of the system." (OMC, § 22-45).  This language suggests that the City would be responsible for paying the costs of the pension system, costs which could be deemed to include a judgment in a lawsuit.  Thus, the Court finds that defendant City of Omaha's motion for summary judgment should be denied because genuine issues of material fact exist.  Accordingly,

IT IS ORDERED:

1)  Defendant City of Omaha's motion for summary judgment is denied.

2)  Plaintiffs' motion to dismiss defendant's motion for summary judgment is denied as moot.

DATED this 17th day of July, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court